Day, J.
The plaintiff is administrator in place of John O. Sweet, removed. The action here, and below, is to vacate and set aside a judgment or order of the probate court, discharging ■the sureties on an executor’s bond; and is based on the ground that the judgment or order of discharge was pro *240 cured to be entered by a fraud successfully practiced on that court. The matter was submitted and disposed of on demurrer to the petition.
The facts stated in the petition as a basis for the relief prayed, are, in substance: That plaintiff is administrator in place of John O. Sweet, removed, who was the duly appointed and qualified executor of the last will of George Foulk, deceased; that Adam Foulk, Jacob Foulk and David Watson were sureties on the bond of Sweet as such executor, in the sum-of $100,000; that in March, 1890, Adam Foulk made application to the probate court of Logan county, O., under the provisions of section 6204, Revised Statutes, to be released from liability as surety on said bond, under which application such proceedings were bad that Sweet was ordered and required to give a new bond; that after-wards, on March 31, 1890, pursuant to the order of the-said court, Sweet did make and file in said court, a paper signed by himself,and purporting to have thereto the signatures of David Watson and Peter Detrick, as sureties, and falsely represented and pretended that said signatures were the genuine signatures of said persons, and the said court believing said representation and pretense to be true, and that said signatures of Watson and Detrick were genuine, accepted said new bond as true and genuine, entered judgment to that effect and discharging Adam Foulk from further-liability on the said original bond; that said bond was not a-true and genuine one, but was a forgery; that said representation and pretense were false and fraudulent, that the said signatures of Watson and Detrick were in fact forged and counterfeit, and not genuine, and the probate court was imposed upon, • misled and induced by such fraudulent and criminal conduct to make and enter the said judgment; so that the order approving the alleged new bond and the sureties named, and discharging [the said surety on the original bond,was directly procured by fraud; that Sweet was subse *241 quently removed as executor, and a settlement of his accounts shows him a defaulter to the extent of more than $19,000, for which suit has been instituted on the original bond, and is now pending; that on the trial of said suit the record of the judgment of the probate court releasing said sureties, if allowed to stand, will be evidence greatly detrimental to the rights of plaintiff. The prayer of the petition is that the said judgment or order releasing the sureties on the original bond be. vacated, annulled and held for naught, as a fraudulent thing.
The demurrer suggests: 1. That the court has no jurisdiction to hear and determine the question, or to grant the relief prayed. 2. If the court has jurisdiction of the subject matter, the petition does not state facts sufficient to constitute a cause of action against the defendants, or either of them. 3. The defendants are not' necessary nor proper parties.
Sweet, Adam Foulk, Jacob Foulk and the executor of David "Watson, deceased, are the defendants named. They are also defendants to the action on the original bond. They are directly interested in the result of the suit, and will be benefited, or otherwise, accordingly as the result is favorable or unfavorable; and it would seem, under the express provisions of the code of civil procedure, are both proper and necessary parties, This being so, then but two propositions raised by the demurrer and urged by counsel, remain to be disposed of, viz: 1. Has the court jurisdiction of the case? 2. Do the facts stated constitute a cause of action against the defendants?
1. As to the first proposition, the Supreme Court, in the case of Darst v. Phillips, reported in 41 Ohio St. 514, seem to have decided the precise question, and settled it adversely to the claim of the demurrant, In that case it is held that the court of common pleas, having general equity jurisdiction, and powers independent of the provisions of section *242 5354, Revised Statutes, has power to cancel or annul á judgment for fraud practiced by the successful party, in an original action for that purpose, and that the special proceeding provided by said section 5453, et seq., Revised Statutes, is cumulative merely; not exclusive,and not limiting the right, by an original action, to impeach a judgment for fraud. To the same effect is the 23 Ohio St. 415. But the case of Darst vv Phillips is directly in point, and, as we think, -clearly decides the question of jurisdiction raised in the case.
2. Do the facts stated in the petition constitute a cause of action, entitling the plaintiff to the relief he asks? The facts stated, for the purposes of the demurrer, are conceded to be true. By this the defendants concede the truth of the statement that the judgment and order of the probate court, discharging the sureties on the original bond from liability, was procured by fraud. That the court was imposed upon by Sweet, who by falsehood and indirection procured the court to approve, as a valid, good-faith bond, a spurious and forged one, and, based on that fraud alone, to make the order discharging from liability the sureties on the genuine original bond. Defendants concede the fraud, as broadly as it is alleged, and also the benefits likely to inure to them if it is continued; and notwithstanding the concession, they did insist on the right to avail themselves of such benefits, They admit the fraud, and are willing to be the beneficiaries of it. It is a well recognized rule, and of universal application, that fraud vitiates all things into which it enters: that no person, a party to a transaction, can be permitted to avail himself of a benefit resulting from a fraud practiced. No enduring thing can be erected having for its base or foundation a fraud. Sooner or later the wrong must give way to the right, and the base being shattered, the superstructure must of necessity topple and fall. We might, with entire safety, we think, base our decision overruling *243 ■the demurrer on these general principles, .and the decision •would be sustained both on reason and authority; but, we think, without invoking general principles, a proper con•struction of the provisions of the section of the statute, •under which the fraud was practiced, necessitates the same ■conclusion. The rights and liabilities of a surety on an executor’s or administrator’s bond are fixed and determined by the provisions of the statute. The contract of such a surety is made with reference to the provisions of the statute bearing on the subject, and its provisions are as much a part of the contract as if written into it. Section 6204, Revised Statutes, among other things, provides: “Any ■surety of an executor or administrator * * * may, at any time, make application to the proper probate •court to be released from the bond of such executor or administrator, by filing his written request there for with the judge of said court, and giving at least five days notice in writing, to such executor or administrator; * * * ' and if such court, upon a hearing, is of opinion there is good reason therefor, the court shall release such surety. * * * but such original surety shall not be released until such executor or administrator so gives bond etc. etc.”
A fair and reasonable rendering of the wording of the provisions of this section would be: A surety on an executor’s or administrator’s bond may be released from liability thereon by order of the probate court, on request and good cause appearing to the court, and the court shall order a new bond given, but the surety shall not be released until ■such new bond is given. It is clearly the intention of the law to hold the original bond and the surety thereon to the ■full measure of liability, until a new bond is properly given to take its place. By a new bond is meant, not a spurious, forged bond, but a good-faith one, "one sufficient in form ■and amount, with sureties actually, in fact, executing it; and all formulated and executed in such a way as to consti *244 tute it, in contemplation of law, a valid, lawful executor’s or administrator’s bond. Until such a bond is given, the requirements of the law are not complied with, and such executor or administrator has not “so given bond,” An order of the probate court is of no consequence, and is wholly ineffectual to release a surety from liability, unless-' the order is based on the fact that a new, valid, legal bond has been given. It is the giving of a proper new bond that effects the desired release; and an order of release, made before such bond is given, is voidable and wholly ineffectual to accomplish a release.
William Lawrence, and Howenstine, Huston & Miller,lor Plaintiff,
Low & McLaughlin, for Defendants.
In this case it is conceded that no valid new bond was given in fact; that the order of release was made in the absence of a new bond, and was in fact procured to be made by means of a fraud successfully practiced on the probate court. We regard the facts averred in the petition as amply stating a cause of action entitling the plaintiff to-relief, and the demurrer is therefore overruled. Defendants must answer and put these facts in issue, else plaintiff is entitled to judgment.